## YOUNG vs. GILLY.

Three fourths of the creditors who are placed on the bilan, must assent to the respite, in order to bind the absent creditors.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The defendant is sued as surviving partner of the house of of James Pryor & co. The jus-

tice of the claim is not disputed, but it is objected to the plaintiff's recovering, that the defendant has obtained a respite from his creditors of one, two, and three years.

The district court gave judgment in favor of the petitioner for the amount claimed, with interest from judicial demand and costs of suit, but directed the execution to be suspended, until the respite should have expired. The plaintiff appealed.

The record in the case of the *defendant* vs. *his creditors*, praying for this respite, does not come up, but there is among the documents filed, the following agreement, signed by the counsel in this cause.

The original petition was filed on the 19th of May, 1824.

The petition did not contain the name of a single creditor. A stay of proceedings was ordered the same day, and the creditors ordered to meet on the 23d of June.

On the 19th of June a supplemental petition was filed, containing the names of the creditors, and a statement of the amount due to each.

The amount of debts due by Gilly was $31,860 73, and due to 88 different persons.

The creditors who met, were sixteen in num-

East'n. District.
*April* 1825.

YOUNG
*vs.*
GILLY.

ber, and the amount of their debts, as stated in the schedule, is only $4,908 3. It appears from the original petition, the plaintiff prayed to be permitted to file a supplementary petition *and schedule*, which were afterwards filed.

Our code declares that the forced respite takes place when all the creditors do not agree, for then the opinion of *three-fourths* in *number* and *amount*, binds the rest. *Civ. Code*, 438, *art*. 3.

In this case the creditors were eighty-eight; and the debts above $31,000. Those who acceded to the respite were sixteen, whose whole claims did not reach $5000. So there was not three-fourths in *number* and *amount*, nor in either.

We presume the court below, in holding this respite to be binding on the plaintiff, must have proceeded on the idea that none could be considered creditors, but they who were present, and proved on oath the justice of their claims. This question was brought before us a few days since in the case of *Soulie* vs. *Dauphin*, *ante* 446, we gave it then a good deal of attention, and an application for a re-hearing, has required us to consider it again. In support of the application it is urged, our code provides " that the creditors called on

should take an oath before the notary, in whose office the meeting takes place, of the amount and truth, of their respective claims; that the creditors who have not taken this oath, cannot be reckoned in the number of those who possess three-fourths of the debts;" hence those who are absent cannot count any way. If present, and in favor of a respite, the vote could not be received, because it was not sworn to. If absent it can have no effect against the debtor. *Civ. Code*, 439. *arts.* 4 & 5.

This argument assumes, that all who fail to attend are not creditors, a conclusion which the premises by no means warrant. The clause in the code was evidently intended as an additional protection to the creditor who was absent, or in the minority; and not to weaken the right which the previous provision had conferred on him. The third article says, that in order to bind those who refuse to consent, three-fourths of the creditors, in number and amount, must agree to the respite. The fifth provides, that creditors who have not taken an oath of the truth of their demands, cannot be considered as making a part of those who possess three-fourths of the debts. That is, as we understand the law, that it is not suf-

ficient three-fourths of those on the schedule assent, but it must also appear, that those so placed there, and who have agreed, are *bona fide* creditors; and this to prevent, and defeat collusion. The position that three-fourths of those who attend, although not, perhaps, one-tenth of the number placed on the bilan, are three-fourths of the whole, necessarily implies the original schedule was false. This the party praying for relief cannot be permitted to aver, though the creditors refusing the respite might. It therefore appears to us to be rea-soning wide from the spirit, and meaning of the law, to say, that, because a creditor who does not prove his debt, cannot give his assent to a respite, he who is really one is obliged to pursue the same formality, to enable him to object the irregularity of proceedings, by which the exercise of his legal rights is affected. Such a doctrine would *oblige* creditors, who felt unwilling to grant the delay prayed for, to attend the meeting, prove their debts, and for-mally refuse to accede to the prayer of the petitioner. Far from their being obliged to do so, we think they may, if they choose, remain silent, and let their debtor, if he can, obtain the assent of the majority which the law re-

quires. This assent must be express, and cannot be implied. If none of the creditors met, the respite could not be accorded. If a fewer number than three-fourths meet, it is the same thing as if none presented themselves, for that proportion of the whole is required, to enable the debtor to obtain the forced respite.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant, the sum of $742 58, with interest from judicial demand, and costs in both courts.

*Whittelsey* for the plaintiff, *M'Caleb* for the defendant.